Mrs. Lessie Mae Dowden, the plaintiff, sustained injuries resulting from an accident at the time she was a paid passenger in one of the buses of the defendant, East Texas Motor Coaches, owned and operated by Forest S. Whittlessey. She boarded the bus at Leesville, Louisiana, at about 9:30 on the morning of April 28, 1947, her destination being Pineland, Texas.
After the bus left Leesville it traveled on a paved highway for a distance of approximately one mile, after which it traveled on a loose graveled highway. It had hardly gone a mile further when for some reason that is not accounted for, as far as the record disclosed, the driver lost control and the bus landed in a ditch along side the highway. The front right wheel of the bus broke aloose and in the impact that resulted the plaintiff was thrown from her seat and claims that she sustained the injuries she now complains of.
The driver of the bus is charged with negligence in several particulars but it is unnecessary to consider any of them because liability is now conceded by the defendant. The charge that the bus was being driven at a very fast rate of speed might have some bearing on the question relating to the severity of the impact which caused the plaintiff to be thrown to the floor of the bus as she contends she was thrown bodily and landed in a sitting position. This is important because her principal complaint now is that she is suffering from a back condition which was brought about by the severity of the blow at the time she was thrown to the floor of the bus. She also sustained some slight injury to her left knee. She had claimed the sum of $2,500.00; $1,000.00 being for pain and suffering, $1,000.00 for injuries to her back and $500.00 for injuries to her left leg and knee. After trial in the lower court she was awarded the sum of $1,500.00 for the injury to her back including pain and suffering, and the sum of $165.00 for the injury to her knee. The defendant has appealed. Plaintiff has not answered the appeal so we are concerned only with the question whether the award made is excessive and should be reduced to nominal damages as claimed by the defendant who contends that plaintiff's present back condition is not due to the accident but to some female trouble she suffered from long before.
Whilst, as just stated, there is no dispute that plaintiff was thrown to the floor of the bus, the main contention of defendant seems to be that the impact was so slight that plaintiff was merely thrown on her hands and knees and did not suffer any injury to her back by reason of the fall. Plaintiff's testimony is that she was thrown violently to the floor after having scratched her knee and leg on the back of the seat in front of her. She maintains that she landed in a sitting position. The driver of the bus who would at first have it to appear that she landed on her hands and knees on the floor admits that he did not see her fall. His testimony is not sufficient, in our opinion, to contradict the *Page 264 
plaintiff's. Other than this, there is very strong conflicting testimony with regard to the manner in which she landed on the floor of the bus. Plaintiff produced a witness in the person of Reverend M. B. Adkins, a Baptist minister who, according to her, and according to his own testimony, was on the bus that morning and occupied a seat across the aisle from her. Reverend Adkins testified to the same effect as did the plaintiff. The defendant, on the other hand, produced a witness by the name of Fletcher Johnson who testified that he was on the bus also that morning and that he was the only white male passenger. The bus driver did not take the names of the passengers after the accident. Johnson testified that plaintiff did not fall in the manner she said she did and here of course arises the conflict between his and Reverend Adkins' testimony. The trial judge believed the testimony of Reverend Adkins and naturally disbelieved the witness Johnson.
Mrs. Dowden was taken back to Leesville after the accident and resumed her journey to Pineland on an afternoon bus of the same company. She states that she suffered from the injury to her knee but it wasn't that serious that she wasn't able to make the trip. She states further however, that that same night, at Pineland, she began to suffer from pains in her back and these pains have grown more intense right along and persist until this time. Stress is laid on a remark she is said to have made to the driver of the bus, according to his testimony, that she wasn't seriously injured in the accident. He says that he drove the bus on which she returned to Leesville from Pineland and that at one of the stops on the trip, while he and she were drinking a coke, she again told him that she had not sustained any serious injury.
It may well be that on the day of the accident she did not think that she had received more than a slight injury to her knee and leg, but certainly in the light of the testimony that appears in the record, she is now suffering from a rather bad back condition. The defendant insists that that condition is the same that she had before the accident and results from some female trouble she had and for which she had been advised frequently before that she should undergo an operation.
There is no doubt that she did have female trouble which she admits herself, but neither is there any doubt, according to the medical testimony in the case, that her present condition was aggravated as a result of the accident which she sustained in this bus accident. The testimony of Dr. W. E. Reed who attended her after the accident, and who also operated on her, is to the effect that this lady's main trouble was a displacement of the uterus, as disclosed in the operation which he performed, and when he was asked if that could have been caused by her having fallen in a sitting position rather forcibly, he states that it could and adds that it would "certainly aggravate an already fallen and misplaced uterus." Further on he elaborates on the point by stating that any woman who has borne a child naturally will have some falling of the womb, which he granted that she had, but again he states that the accident she had, in falling as she did, would aggravate the existing condition.
Dr. Reed had some X-ray pictures of Mrs. Dowden's back made and he detected that she had a sacro-illiac sprain which he thought was undoubtedly caused by some force or trauma. According to his testimony there can hardly be any doubt therefore that this accident had some causal connection with the plaintiff's present back condition.
Dr. John B. Younger testified that he had attended Mrs. Dowden three years previously and had delivered one of her babies when they lived at Kurthwood, Louisiana. Prior to April, 1947, he treated her for a disease of the female organs and advised her that she should undergo an operation. He says that she had an acute pelvic infection with recurrence and she also had a maladjusted coccyx bone. On cross-examination he was asked whether considering her condition as he knew it, and then assuming that she was thrown violently in a sitting position on the floor of a bus during an accident, the injury she received would alone aggravate any female disorder she may have had before, *Page 265 
and he answered: "Possibly so." Again he was asked if that injury would not tend to make the uterus to be in a more dropped position than it was, to which he answered that it was difficult to state and added: "It would be no more so than an aggravation brought on by any other force or exercise." Counsel for defendant takes this last answer to qualify the doctor's testimony in such a way that any kind of exercise the plaintiff may have taken would have aggravated her condition. As far as this record shows however, there is nothing to indicate that she has had any other unusual force applied to her body than the one she sustained in the accident and neither does it reveal that she has taken any undue exercise which might have aggravated the condition.
The only other doctor who testified is Dr. Joe E. Broyles. He was called as a witness for the defendant. He took X-rays of the plaintiff's lumbar-sacral region and of the coccyx. He was unable to detect any separation of the sacro-illiac region as was found by Dr. Reed. He did notice a displacement of the distal segment to the right with what appeared to be some bony formation, but was unable to say whether this was a fracture or a dislocation or how old any injury she may have had was. He examined her shortly after the accident and says that she did not complain of having her back hurt, and he couldn't attribute anything of her symptoms to the accident. The sum and substance of this doctor's testimony amounts to a disagreement with the findings of Dr. Reed but as Dr. Reed's testimony seems to be corroborated, to some extent, by that of Dr. Younger, we reach the conclusion that the preponderance of the medical testimony is in favor of the plaintiff on this important point in the case. We may well assume therefore that she had some female organ trouble before the accident, which caused her to suffer some pain, no doubt, but certainly it appears, from the preponderance of the medical testimony, that the fall she had in the accident aggravated her condition for which she is entitled to recover damages.
Her demand was not unreasonable and certainly the amount of the award made by the district judge is not excessive.
For the reasons stated the judgment appealed from is affirmed at the costs of the defendant, appellant herein. *Page 469